UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ADONNE ANTHONY HORTON,

*Defendant-Appellant.*

No. 03-4221

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-02-44)

Submitted: August 14, 2003

Decided: August 22, 2003

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

### COUNSEL

Dwight R. Hall, Elkins, West Virginia, for Appellant. Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Adonne Anthony Horton appeals his conviction and seventy-seven month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Horton's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Although notified of his right to do so, Horton has not filed a pro se supplemental brief. Finding no reversible error, we affirm his conviction and sentence.

In the *Anders* brief, counsel first questions whether counsel was ineffective for failing to inform Horton of the potential sentencing range that he faced under the *U.S. Sentencing Guidelines Manual*. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish that Horton received ineffective assistance of counsel. Accordingly, we find that Horton must pursue this claim on collateral review.

Counsel also questions whether the Government engaged in prosecutorial misconduct by setting forth a lower estimated sentencing range in its plea offer. To prevail on a claim of prosecutorial misconduct, a defendant must show: (1) the prosecutor's conduct was improper; and (2) the conduct prejudicially affected his substantial rights so as to deprive him of a fair proceeding. *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999). Our review of the record reveals that the Assistant United States Attorney ("AUSA") properly qualified her estimated sentencing range by cautioning Horton that the probation office might disagree with her conclusions and noting that the range could increase if Horton's "criminal history points should go up" or if he was found to be an armed career criminal. The AUSA based her calculation on a criminal history category of III.

Given Horton's criminal record, however, he was ultimately assigned a criminal history category of VI, which accounts for most of the increase in his sentencing range. We find no prosecutorial misconduct under these circumstances.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Horton's conviction and sentence. We remand the case, however, to the district court for correction of a clerical error in the criminal judgment. *See* Fed. R. Crim P. 36. The judgment erroneously indicates that Horton was convicted under 18 U.S.C. § 922(a)(2) rather than § 924(a)(2). This error does not affect the validity of Horton's conviction or sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*